# United States District Court
## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

V. _____

**ORDER OF DETENTION PENDING TRIAL**

Case Number: _____

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: _____

_____
*Signature of Judicial Officer*

_____
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

**Part II - Written Statement of Reasons for Detention** - (continued)

**United States v Preston Fitzgerald Purnell**
**1:11-CR-341**
**ORDER OF DETENTION PENDING TRIAL**
Page 3.


**Alternate Findings (B) - continued**

for arraignment in October 2011, resulting in another warrant being issued. Defendant was subsequently arrested in November 2011. This time defendant was lodged in the Ottawa County Jail, where he remains today with work release privileges.

Defendant also failed to appear for arraignment in a Grand Rapids state court in August 2009, and also failed to appear at a show cause hearing the same month in that court resulting in a bench warrant being issued.

Defendant was also charged in a Grand Rapids court for a different charge in 2011 for which he was released on bond on June 30, 2011, but failed to appear for his arraignment the following month. He also failed to appear for a show cause hearing in July 2011 resulting in a bench warrant. Defendant was arrested on the bench warrant in September 2011, posted a new bond, and was released. He failed to pay a fine and a warrant remains outstanding.

(There are also instances when bench warrants had to be issued when defendant failed to pay fines.)

In short, defendant has not only repeatedly failed to appear, but has done so at least once (often multiple times) in 10 of the 15 cases he has been charged in during the past decade. When bench warrants for failures to pay fines are considered, the courts have had to issue at least one and often several bench warrants in 14 of the 15 cases he has been charged in during the past decade.

The government has also introduced evidence that defendant's probation officer in Kentwood has had difficulty finding him and that federal authorities had to look for him for months before they were able to locate him. Defendant has also misrepresented both the medical condition of himself and his mother to this court in an effort to gain this court's sympathy for release.

Defendant seeks to be returned to serve his time in the Ottawa County Jail where he has been released from custody on a daily basis for employment purposes. It appears that in the course of this employment defendant goes door-to-door account information from homeowners.